NO. 07-11-0133-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 22, 2012

_____


JUDITH M. HENDERSON, APPELLANT

V.

TIMOTHY WAYNE SPANN
& AMANDA SPANN, APPELLEES

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-549,365; HONORABLE LESLIE HATCH, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**CONCURRING OPINION**

Based upon the Texas Supreme Court's interpretation of section 41.0105 of the

Texas Civil Practices and Remedies Code, as found in *Haygood v. DeEscabedo*,[1] I

agree with Justice Hancock's conclusion that this case should be reversed and

remanded for a new trial due to the trial court's erroneous exclusion of relevant

---
[1]*Haygood v. DeEscabedo*, 54 Tex. Sup. Ct. J. 1377, No. 09-0377, 2011 Tex. LEXIS 514 (July 1, 2011).

evidence. I write separately, however, to encourage the Texas Supreme Court to re-examine this issue, and to opine that, but for the application of this binding precedent,[2] the trial court did not err in admitting evidence of unadjusted medical bills, nor did it err in applying the statutory caps imposed by section 41.0105 of the Texas Civil Practices and Remedies Code in a post-verdict proceeding.

*ADMISSION OF EVIDENCE OF UNADJUSTED MEDICAL BILLS*

Section 41.0105 of the Texas Civil Practices and Remedies Code, enacted as part of the tort-reform measures passed by the 78th Legislature, provides that "[i]n addition to any other limitation under law, *recovery* of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant." In *Haygood,* the Supreme Court proceeds from the conclusion that because this statute excludes *recovery* of certain medical or health care expenses, it must, *ipse dixit*, exclude *evidence* of those expenses. The Court concludes that because a claimant is entitled to recover only medical expenses that have either been paid or for which a medical provider is entitled to be paid, only evidence of adjusted or discounted charges is relevant to the issue of economic damages.[3] However, as to economic damages, the question still remains as to whether there is an absolute correlation between the monetary amount of adjusted medical bills and "reasonable and

---

[2]Although not an absolute rule of law, the doctrine of *stare decisis* generally dictates that once the Supreme Court announces a proposition of law, that decision is considered binding precedent on all lower courts. *See Southwestern Bell Telephone Co. v. Mitchell*, 276 S.W.3d 443, 447 (Tex. 2008). While I recognize my duty to follow this precedent and my oath to uphold the Constitution and laws of this State, I respectfully believe further examination of this issue will advance our jurisprudence and prove beneficial to the legal practitioners of this State.

[3]*See Haygood*, 2011 Tex. LEXIS 514, at *25. A rule of law dictating that "only evidence of *recoverable* medical expenses is admissible at trial" is an illogical construct because the very purpose of the admission of evidence during trial is to determine what damages, if any, are in fact *recoverable. Id.* (emphasis added).

necessary" expenses. Because medical bills can be adjusted, discounted, written-off, reduced, or gratuitously forgiven for any reason, it would be impossible to say that evidence of reasonable and necessary medical bills, albeit discounted or written-off, is always going to be irrelevant to the question of a given claimant's economic damages. For instance, evidence of unadjusted past medical expenses may have probative value as to the extent of reasonable and necessary future medical expenses, unless there is evidence that the future medical expenses will be adjusted, discounted or written-off on the same basis as current medical expenses.

Without applying any balancing analysis, the Supreme Court concludes that "any relevance of [non-recoverable economic damages] is substantially outweighed by the confusion it is likely to generate, and therefore the evidence must be excluded." I respectfully disagree. In my opinion, unadjusted medical bills have some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. Therefore, because evidence of unadjusted medical bills is relevant, the probative value of that evidence and the balancing of Rule 403 factors are questions best left to the trial court to decide on a case-by-case basis. Under this construct, in an appropriate case with the use of proper instructions and carefully tailored jury questions, evidence of both adjusted and unadjusted medical bills could be submitted to a jury. Furthermore, the admission of such evidence would provide the trial court with an evidentiary basis of limiting a plaintiff's recovery of medical or health care expenses to those amounts actually "paid or incurred." While I agree with *Haygood* that adjusted medical bills are

3

relevant, I disagree with the premise that unadjusted medical bills are *per se* irrelevant and, therefore, inadmissible.

## POST-VERDICT APPLICATION OF SECTION 41.0105 CAPS

Call it an evidentiary rule if you must,[4] in the final analysis, section 41.0105 is a statutory cap on recoverable damages. A cap on damages is not something new to the Texas Legislature. As Justice Lehrmann points out in her dissent in *Haygood*, the Texas Civil Practices and Remedies Code contains many examples of legislative limitations being placed on the amount of recoverable damages. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.008(b) (limiting recovery of exemplary damages); § 74.303 (limiting total recovery in a wrongful death or survival action based upon a health care liability claim); § 75.004 (limiting liability in certain premises liability suits); § 108.002 (limiting personal liability in suits against public servants). In each of these instances, courts of this State have chosen not to apply those caps as a restriction on admissible evidence or the amount of damages that a jury could award. Instead, they have been handled as post-verdict adjustments made by the trial court. There is no logical reason why we should carve out a special exception for the recovery of medical or health care expenses which have been "paid or incurred." Instead, as I propose here, with appropriate instructions and carefully tailored jury questions, a jury should be able to hear all relevant evidence, including both adjusted and unadjusted medical bills, when determining the amount of appropriate damages in a given case. Once a jury has fulfilled its responsibility of returning a verdict based upon the law and the evidence, the

---

[4]*See Haygood v. DeEscabedo*, 54 Tex. Sup. Ct. J. 1377, No. 09-0377, 2011 Tex. LEXIS 514, at *28 (July 1, 2011) (Justice Lehrmann dissenting) (finding that the majority's opinion regarding the evidentiary nature of section 41.0105 "finds scant support in the statute's language, is contradicted by the statute's legislative history, and runs counter to long-standing common law.)

trial court could then insure the enforcement of legislative caps by making post-verdict adjustments when it renders judgment on that verdict.

## CONCLUSION

Because I believe the trial court in this case (reasonably relying upon applicable case law at the time) erred by excluding evidence of adjusted medical bills, I concur with the majority decision to reverse and remand this cause for a new trial.


Patrick A. Pirtle
Justice

5